NO. 07-01-0306-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 5, 2002

_____

LEE EDWARD BOOTEN
A/K/A LEE EDWARD TURNER, A/K/A QUICK

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 155TH DISTRICT COURT OF WALLER COUNTY;

NO. 00-07-10,291; HONORABLE MARY BACON, JUDGE

_____

Before BOYD, C.J., and QUINN and JOHNSON, JJ.

ORDER OF ABATEMENT AND REMAND

Appellant Lee Booten has given notice of appeal from a conviction and sentence in Cause No. 00-07-10,291 in the 155th District Court of Waller County, Texas (the trial court), for delivery of a controlled substance. The appellate court clerk received and filed the trial court clerk's record on June 18, 2001, and received and filed the trial court reporter's record on November 26, 2001. By letter dated May 14, 2002, the appellate clerk

advised counsel for appellant that appellant's brief was past due, and that neither the brief nor a motion for extension of time for filing of the brief had been received. Counsel for appellant was further advised by such letter that if no response to the letter was received on or before May 28, 2002, the appeal would be abated to the trial court for hearing pursuant to TEX. R. APP. P. 38.8. No response to the clerk's letter of May 14, 2002, has been received.

Accordingly, this appeal is abated and the cause is remanded to the trial court. TEX. R. APP. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, then whether appellant's present counsel should be replaced; and (3) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal, or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law and recommendations, and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the

2

supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this court. TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions and recommendations, are to be sent so as to be received by the clerk of this court not later than July 16, 2002.

Per Curiam

Do not publish.